UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BARBER,

    Plaintiff,                                       Hon. Gordon J. Quist

v.

                                                       Case No. 1:14-cv-573

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) benefits under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 51 years of age on his alleged disability onset date. (Tr. 145). He successfully completed high school and has no past relevant work experience. (Tr. 39-41). Plaintiff applied for benefits on August 12, 2011, alleging that he had been disabled since August 5, 2010, due to chronic back pain, heart impairment, leg pain, carpal tunnel syndrome, degenerative disc disease, and memory loss. (Tr. 145-50, 164). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 59-144). On February 20, 2013, Plaintiff appeared before ALJ Henry Kramzyk with testimony presented by Plaintiff and a vocational expert. (Tr. 33-58). In a written decision dated April 18, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 23-29). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 7-12). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating

disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff did not suffer from a severe impairment or

---

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

combination of impairments. (Tr. 25-26). A claimant who does not have a "severe impairment" is considered "not disabled." 20 C.F.R. § 416.920(c). The ALJ concluded, therefore, that Plaintiff was not disabled as defined by the Social Security Act. Plaintiff challenges this determination as not supported by substantial evidence.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); *see also*, *Despins v. Commissioner of Social Security*, 257 Fed. Appx. 923, 929 n.2 (6th Cir., Dec. 14, 2007).

An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)); *see also*, *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

Step two of the sequential disability process is considered a "de minimus hurdle" designed to subject to dismissal only those claims which are "totally groundless" from a medical

5

standpoint. *Rogers*, 486 F.3d at 243 n.2; *Despins*, 257 Fed. Appx. at 929; *Higgs*, 880 F.2d at 860. As the Sixth Circuit has recognized, "this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." *Long v. Apfel*, 1 Fed. Appx. 326, 331 (6th Cir., Jan. 9, 2001) (quoting *Higgs*, 880 F.2d at 862).

The evidence of record reveals quite clearly that Plaintiff suffers from a severe impairment. A March 19, 1997 CT scan revealed an "L4-5 right-sided disk rupture." (Tr. 223). On April 2, 1997, Plaintiff underwent a lumbar laminectomy procedure. (Tr. 219). A July 5, 1998 MRI of Plaintiff's lumbar spine revealed the presence of "abnormal tissue around the right L5 [nerve] root sleeve." (Tr. 217). On February 23, 1999, the surgeon who performed Plaintiff's back surgery reported that Plaintiff "is totally and permanently disabled from all manual labor, from all twisting, torquing in the low back." (Tr. 216).

Plaintiff reported that his back pain caused him to stop working in 1998. (Tr. 247). A January 20, 2012 examination revealed that Plaintiff was experiencing "scarring and post surgical deterioration" as well as "moderately diminished range of motion." (Tr. 247-51). The doctor also observed that Plaintiff's condition was "slowly declining." (Tr. 251). A May 1, 2012, residual functional capacity evaluation concluded that Plaintiff's ability to function was significantly limited. (Tr. 256-57). Function reports completed by Plaintiff and his wife likewise indicate that Plaintiff experiences a significant degree of impairment. (Tr. 174-81, 192-99).

The ALJ downplays Plaintiff's back impairment on the ground that Plaintiff has not received extensive or aggressive treatment following his back surgery. The fact that Plaintiff may not have sought out extensive medical treatment following his back surgery does not necessarily lead

to the conclusion that his back impairment is less than severe or that he does not suffer from significant functional limitations. To the contrary, the medical record, while somewhat sparse, indicates that after undergoing back surgery there was little Plaintiff could reasonably do except work and function within the limitations established by his surgeon. This is certainly the course of action that Plaintiff's surgeon recommended. Moreover, Plaintiff's subsequent activities are not inconsistent with a finding that he suffers from a severe back impairment.[2] Accordingly, the undersigned concludes that the ALJ's determination that Plaintiff does not suffer from a severe impairment is not supported by substantial evidence.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if proof of his disability is "compelling." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and award benefits if all essential factual issues have been resolved and proof of disability is compelling). While the ALJ's decision fails to comply with the relevant legal standard, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further factual findings, including but not necessarily limited to, an accurate assessment of the severe impairments from which Plaintiff suffers, an assessment of his residual

---

[2] With respect to Plaintiff's activities, the ALJ places great reliance on two brief treatment notes. First, the ALJ cites an August 9, 2011 report that Plaintiff was "here for poison ivy. . .hands and arms. . .cutting woods." (Tr. 228). In the ALJ's mind, this notation establishes that Plaintiff was "cutting wood" and, therefore, not suffering from a severe impairment. (Tr. 28). While this may be a reasonable interpretation of the note in question, it is not the only reasonable interpretation thereof. Moreover, even if Plaintiff was "cutting wood" as the ALJ alleges, we do not know whether Plaintiff was felling full-grown trees with a professional-sized chain saw or merely cutting brush with a small hand tool. While the former may suggest that Plaintiff does not suffer from a severe impairment, the latter is not inconsistent with the presence of a severe impairment. The Court notes that the ALJ had ample opportunity to question Plaintiff about this matter, but chose not to. The ALJ next relies on an August 9, 2012 observation that Plaintiff was "hit by a falling tree" while he "was in the woods." (Tr. 260). Being in the woods is certainly not inconsistent with experiencing a severe back impairment. Moreover, the assertion that Plaintiff was unable to escape the path of a falling tree arguably supports Plaintiff's position, as it suggests that Plaintiff's back impairment significantly impairs his ability to move and ambulate. Thus, these particular observations are unpersuasive and do not support the ALJ's decision.

functional capacity, and a determination as to whether Plaintiff is capable of performing substantial gainful activity despite his limitations.

### CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: May 15, 2015
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge