UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BARBER,

Plaintiff,

v.

Case No. 1:14-CV-573

COMMISSIONER OF SOCIAL SECURITY,

HON. GORDON J. QUIST

Defendant.

/

**MEMORANDUM OPINION REGARDING COMMISSIONER'S OBJECTION TO REPORT AND RECOMMENDATION**

The Commissioner has filed an Objection to Magistrate Judge Ellen Carmody's May 15, 2015 Report and Recommendation (R & R), recommending that this Court reverse the Commissioner's decision and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff has filed a Response to the Objection, urging the Court to adopt the R & R. In short, the Administrative Law Judge (ALJ) ended his inquiry at step two of the five-step disability analysis, concluding that Plaintiff was not disabled because he does not suffer from a severe impairment. (Tr. at 28.) In particular, the ALJ found:

> [T]he lack of significant treatment following the claimant's back surgery in 1997, combined with the lack of significant clinical findings on repeated exams, the claimant's good response to only nominal treatment, and his statements of activities well in excess of the limits given by his primary care providers, all indicate that the claimant's medically determinable impairments are "non severe."

(*Id.*)

In her R & R, the magistrate judge concluded that the ALJ's finding of non-disability was not supported by substantial evidence. Specifically, the magistrate judge noted that medical tests

performed in the late 1990s demonstrated an "L4-5 right-sided disk rupture," that Plaintiff underwent a lumbar laminectomy procedure in 1997, and an MRI of Plaintiff's lumbar spine taken in 1998 revealed the presence of "abnormal tissue around the right L5 [nerve] root sleeve." (R & R at 6.) The magistrate judge further noted that a more recent examination conducted in January 2012 indicated that Plaintiff experiences a significant degree of impairment. (*Id.*) The magistrate judge also observed that Plaintiff's lack of extensive medical treatment in more recent years does not necessarily mean that his back impairment is not severe because the medical evidence, while sparse, indicates that Plaintiff worked and functioned within the limitations that his surgeon prescribed. (*Id.* at 6.) Finally, the magistrate judge concluded that Plaintiff's recent activities disclosed in treatment notes—"cutting woods" and being hit by a falling tree while in the woods—are not inconsistent with a finding that Plaintiff suffers from a severe back impairment. (*Id.* at 7 and 7 n.2.)

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, the Commissioner's Objection, and the pertinent portions of the administrative record, the Court will overrule the Commissioner's Objection and adopt the R & R as the opinion of the Court.

The Sixth Circuit recognizes the second step of the disability analysis as a *de minimis* hurdle in the five-step process. *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citing *Murphy v. Sec'y of health & Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1986)). "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* (citing *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)).

Contrary to the Commissioner's assertion, the Court concurs with the magistrate judge that substantial evidence does not support the ALJ's conclusion that plaintiff's back impairment is not severe. All of the medical opinions and consultative evaluations, a residual functional capacity evaluation, and the function reports that Plaintiff and his wife completed indicate that Plaintiff's back condition is more than "a slight abnormality that minimally affects [Plaintiff's] work ability." *Id.* The ALJ gave substantial weight to statements in treatment notes about Plaintiff "cutting woods" and, on another occasion, being in the woods when he was hit by a falling tree. But, as the magistrate judge observed, the inferences the ALJ drew from that evidence were based largely on speculation, as the treatment notes disclose few, if any, details about what Plaintiff was actually doing on those occasions. The ALJ could and should have questioned Plaintiff about these statements in order to assure an accurate determination. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (noting an ALJ's duty to fully and fairly develop the record, regardless of whether the claimant has counsel). In short, the ALJ's determination that Plaintiff did not satisfy the second step—"a gatekeeping mechanism to dispose of groundless claims," *Toye v. Astrue*, No. C11-3035-MWB, 2012 WL 1969224, at *10 (N.D. Iowa June 1, 2012)—was not supported by substantial evidence.

The Court also concludes that the ALJ incorrectly determined that he was not bound by the prior ALJ's findings regarding Plaintiff's Title II application. (Tr. 26.) In the prior decision, the ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine was a severe impairment. (Tr. 64–65.) In *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), the Sixth Circuit held that the principle of *res judicata* applies to Social Security Administration decisions, and an RFC finding issued by an ALJ as part of a prior disability determination is binding on an ALJ in a subsequent proceeding, absent evidence of changed circumstances. *See id.* at 842–43. Although *Drummond* addressed an RFC determination, the Sixth

Circuit and district courts within the Sixth Circuit have indicated that *Drummond* encompasses impairments that were previously determined to be severe as well. *See Kennedy v. Astrue*, 247 F. App'x 761, 768 (6th Cir. 2007) (previous finding that the plaintiff's obesity was a severe impairment was binding upon subsequent ALJ, absent a showing of changed circumstances); *cf. Perkins v. Comm'r of Soc. Sec.*, No. 1:13-cv-102, 2014 WL 1872119, at *2 (S.D. Ohio May 8, 2014) (concluding that because the prior decision had been vacated by the Commissioner, the ALJ in the subsequent proceeding was not required by *Drummond* to give *res judicata* effect to the prior ALJ's findings, including those at step two). In the prior proceeding the ALJ determined that Plaintiff's back condition was his only severe impairment, which was the basis for his RFC. It thus defies logic to assert that Plaintiff's back condition, which the Commissioner concedes was at least "slowly declining," would not also be a severe impairment in a subsequent proceeding. The ALJ in the instant case was bound by such finding absent a showing of changed circumstances which, of course, the ALJ did not make.[1]

Accordingly, for the foregoing reasons, the Commisioner's Objection will be overruled and the R & R adopted.

An Order consistent with this Opinion will enter.

Dated: September 25, 2015

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

[1] The Commissioner might contend that *res judicata* does not apply because Acquiescence Ruling 98-4(6), which the Commissioner adopted in response to *Drummond*, provides that *res judicata* applies only to a subsequent disability claim with an unadjudicated period arising under the same title. However, the Court would reject such an argument because numerous district courts within the Sixth Circuit have concluded that *Drummond*'s holding applies even if the two claims were raised under different titles. *See Lay v. Comm'r of Soc. Sec.*. No. 1:3-cv-608, 2014 WL 4104644, at *6 (S.D. Ohio Aug. 19, 2014) (citing cases). This Court finds these decisions persuasive.