UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK T. BARBER,

        Plaintiff,                                                  Hon. Gordon J. Quist

v.                                                                              Case No. 1:14-cv-00573

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Application for Attorneys' Fees Under the the Equal Access to Justice Act</u>. (ECF No. 20). Plaintiff's counsel seeks $7,102.00 in fees, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the application be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant has not asserted that the Commissioner's position in this matter was substantially justified.

On May 15, 2015, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). This recommendation was subsequently adopted by the Honorable Gordon J. Quist. Plaintiff's counsel now moves the Court for an award of attorney's fees and costs pursuant to the EAJA. In his application, counsel seeks an award of $7,102.00.[1] Specifically, counsel seeks to recover $1,351.00 in attorneys fees (7.72 hours multiplied by an hourly rate of $175.00) and $5,751.00 in paralegal services (57.51 hours multiplied by an hourly rate of $100). Defendant does not challenge counsel's entitlement to EAJA fees, but objects to the total hours spent and the hourly attorney and paralegal rates sought. In response to Defendant's objection, Counsel adjusted the total attorney hours from 4.77 to 7.72. The Court does not take issue with the amount of attorney hours spent in this matter. Additionally, the Court finds an hourly rate of $175 to be appropriate. *See Johnson v.*

---

[1] Counsel requested $6,890.75 in his initial application and subsequently amended the amount to $7,102.00 in his reply to Defendant's objection

*Commissioner of Social Security*, 2015 WL 5944186 at *1-3 (W.D. Mich., Oct. 13, 2015); *Martin v. Commissioner of Social Security*, 2015 WL 3513770 at *2 (W.D. Mich., June 4, 2015).

The Court finds that the number of hours counsel claims for paralegal work to be excessive. The reasonable cost for legal assistant or paralegal services is recoverable under the EAJA. *See, e.g., Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011); *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008). While the Court appreciates the money-saving measure of the use of paralegal staff, the amount of time expended is unreasonable. The time record (PageID.487) reflects 57.51 hours of paralegal work. The administrative record in this matter is not lengthy (274 pages) and this case did not present any unusual or novel issues. Yet the time record reflects 49 hours of work by Stephen Sloan to draft the initial and reply briefs. The Court finds that the work could have been reasonably performed in 30 hours. Counsel also seeks 5.5 hours of compensation for Mr. Sloan's time reviewing the report and recommendation and drafting the five page response. The Court finds this task could have been reasonably accomplished in 3 hours.

Counsel seeks payment for paralegal services in this matter at an hourly rate of $100. While such may be an appropriate amount in the Chicago area, such is greater than the hourly rate of $75 this Court has approved in previous matters. While not dispositive, the Court notes that this hourly rate is not inconsistent with that found to be reasonable by other courts. *See, e.g., Trim v. Astrue*, 2012 WL 1340671 at *2 n.1 (W.D.N.C., April 18, 2012) (finding that "a rate of $65.00 per hour is reasonable and in keeping with the prevailing market rates for paralegals in this District"); *Teeter v. Commissioner of Social Security*, 2013 WL 5279102 at *7 (N.D. Ohio, Sept. 18, 2013) (rejecting a request to compensate paralegal services at a rate of $50 per hour). Accordingly, the Court concludes that an appropriate and reasonable hourly rate for the paralegal services rendered in this matter is $75.

In sum, the Court finds that counsel and his staff reasonably expended 43.73 hours in this matter (7.72 hours by attorneys and 36.01 hours by paralegals). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of $4,051.75 (7.72 hours multiplied by $175 added to 36.01 hours multiplied by $75). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that this amount be paid to Plaintiff not her attorney.

Counsel has included with his motion a copy of a document, titled "Declaration & Assignment of EAJA Fee," in which Plaintiff purports to assign payment of any EAJA fees to counsel. (PageID.449). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to her attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to her attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not her attorney, and the Court declines to disregard such clear and controlling direction.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (ECF No. 20), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, fifty-one dollars and seventy-five cents ($4,051.75) and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

Date:  May 27, 2016        /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge