UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK T. BARBER,

        Plaintiff,                              Case No. 1:14-CV-573

v.                                              Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                       /

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

Plaintiff has filed Objections to Magistrate Judge Ellen Carmody's May 27, 2016 Report and Recommendation (R & R) recommending that the Court grant in part and deny in part Plaintiff's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff requested an award of $7,102.00, but the magistrate judge recommended that the Court award Plaintiff a reduced amount of $4,051.75 in fees.

Plaintiff objects on three grounds. First, Plaintiff argues that the magistrate judge erred in recommending that the 5.5 hours of paralegal time that Plaintiff seeks for preparing a response to the Commissioner's objection be reduced to 3 hours. Second, Plaintiff argues that the magistrate judge erred in recommending that the Court allow an hourly rate of $75, rather that the $100 rate Plaintiff requested for paralegal work. Finally, Plaintiff argues that the magistrate judge erred in refusing to recognize the assignment of EAJA fees that Plaintiff executed and in recommending that the Court order payment directly to Plaintiff, rather than to counsel.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The magistrate judge found that the 5.5 hours of paralegal time that counsel requested for review of the report and recommendation and drafting Plaintiff's 5-page response to the Commissioner's objection was excessive. The magistrate judge concluded that the paralegal could have reasonably completed such work in 3 hours. (R & R at 3.) Plaintiff argues that "there is no basis" for reducing the 5.5 hours requested to 3 hours. (ECF No. 25 at PageID.475.) The Court disagrees. The May 15, 2015 Report and Recommendation and the Commissioner's Objection were not lengthy, and would have taken minimal time to review and digest. Even accounting for the need to review case materials, 3 hours would have been a reasonable amount of time for the paralegal to prepare Plaintiff's 5 (actually 4)-page response.

Plaintiff objects to the magistrate judge's conclusion that $75 per hour, rather than $100 per hour, is an appropriate rate for paralegal work on social security cases in this district. Plaintiff notes that in prior cases, this Court has approved hourly rates greater than $75 per hour, including $100 per hour, for paralegal work. However, in the cases Plaintiff cites, *Harman v. Commissioner of Social Security*, No. 1:14-CV-221, 2015 WL 3559881 (W.D. Mich. Nov. 25, 2015), and *Abdullah v. Commissioner of Social Security*, No. 1:13-CV-1283, 2015 WL 3559881 (W.D. Mich. June 5, 2015), the paralegal rate was not in dispute. On the other hand, in cases from this district in which law clerk or paralegal rates were contested, $75 per hour was found to be an appropriate rate. *See Mathis v. Comm'r of Soc. Sec.*, No. 1:13-CV-256, 2014 WL 4187368, at *3 (W.D. Mich. Aug. 21,

2014); *Sassan v. Astrue*, No. 1:08-CV-120, 2010 WL 3843767, at *2 (W.D. Mich. Sept. 28, 2010). This Court also concludes that $75 per hour is a reasonable rate for paralegal work.

Finally, Plaintiff objects to the magistrate judge's recommendation that the award be paid directly to Plaintiff, in spite of the EAJA fee assignment that Plaintiff's counsel filed. While this Court recognizes that some courts have determined that *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521 (2010), does not prohibit payment directly to counsel pursuant an assignment, *see Allshouse v. Comm'r of Soc. Sec.*, No. 07-12516, 2009 WL 4884968, at *8 (E.D. Mich. Dec. 11, 2009) (recommending that the award be paid to the plaintiff's attorney pursuant to an EAJA fee assignment form), this Court concludes that the better course is to award fees directly to the plaintiff and "remain silent regarding the direction of payment of those fees," as the government retains the discretion and authority to determine whether the plaintiff owes it a debt that may be offset from the fees. *Oliver v. Comm'r of Soc. Sec.*, 916 F. Supp.2d 834, 838 (S.D. Ohio 2013). Thus, the Court will award Plaintiff fees and not direct payment in any particular manner.

Therefore,

**IT IS HEREBY ORDERED** that Magistrate Judge Carmody's May 27, 2016 Report and Recommendation (ECF No. 24) is **ADOPTED IN PART**, and Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (ECF No. 20) is **GRANTED IN PART**. Plaintiff is awarded attorneys' fees under the Equal Access to Justice Act in the amount of $4,051.75 for 7.72 hours of attorney time at the hourly rate of $125 and 36.01 hours of paralegal time at the hourly rate of $75.

Dated:  September 29, 2016                    /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE